UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ERIC EWING,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT & JURY DEMAND

Plaintiff, ERIC EWING (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CARNIVAL CORPORATION and alleges:

## JURISDICTION & THE PARTIES

1. Plaintiff is a 52-year-old disabled veteran who suffered a head and neck injury aboard the *Carnival Ecstasy* cruise ship.

2. Plaintiff is a citizen of, and domiciled in, the Commonwealth of Pennsylvania.

3. Defendant CARNIVAL is a cruise line which owns, operates, controls and/or manages passenger cruise vessels including the *Carnival Ecstasy*.

4. CARNIVAL is a Panama corporation and maintains its principal place of business located in Miami, Florida.

5. As more fully alleged below, the case in controversy far exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs, interest and attorney fees.

6. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332 as the parties are completely diverse and the amount in controversy exceeds the statutory minimum.

7. This Court also has admiralty subject matter jurisdiction pursuant to 28 U.S.C. §1333 as the alleged negligent conduct and injury occurred on navigable waters and the impact of which had the potential to disrupt maritime commerce.

8. This Court has personal jurisdiction over the Defendant and venue is proper as:

    a. CARNIVAL's principal places of business is located within Miami-Dade County, Florida;

    b. CARNIVAL conducts substantial business within the State of Florida, including but not limited to operating passenger cruise vessels departing and returning to ports located in Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville;

    c. CARNIVAL issued a ticket contract requiring this personal injury action be filed in this Court thereby subjecting itself to this Court's personal jurisdiction.

9. Venue is proper as CARNIVAL issued a ticket contract selecting this Court as the venue for this civil action as well as maintains its principal places of business within this District.

## **GENERAL ALLEGATIONS**

10. The incident which is the subject of this action occurred on or about January 25, 2018 aboard *Carnival Ecstasy* while the cruise ship was in navigable waters.

10. At the time of the subject incident, Plaintiff occupied the status of a passenger.

11. Plaintiff was assigned a cabin R298 which was outfitted with a bed just above floor level (hereinafter "lower bed") and overhead fold out bunk beds.

12. The overhead bunk beds were designed to fold out of the cabin's walls when unlocked. The overhead bunks can only be unlocked and deployed by use of a special wrench/tool that is solely possessed by ship's crew, most often an assigned cabin steward.

13. The overhead bunks can only be stowed into a cabin's wall by use of a special wrench/tool that is solely possessed by ship's crew, most often an assigned cabin steward.

14. Plaintiff was the only passenger who occupied the cabin. Plaintiff only utilized the lower bed and did not use, deploy or unlatch either of the upper bunks.

15. On January 25, 2018 at approximately 5:00 pm, Plaintiff was sitting on the lower bed eating a slice of pizza when an upper stowed bunk bed suddenly and without warning deployed striking him violently on the top of his head causing immediate pain to his head and neck as well as the onset of dizziness.

16. Plaintiff reported the incident to the ship and sought medical care from the ship's medical staff. He was diagnosed by as suffering post concussion syndrome. He continued treating from his head injury upon returning to Pennsylvania. After the traumatic event through the filing of this Civil Action, Plaintiff has suffered from dizziness and severe headaches. He is being medically treated and prescribed medication in response to his injury.

## COUNT I
## (NEGLIGENCE)

17. Plaintiff re-alleges all allegations pled in paragraphs 1 through 16 above as if alleged fully herein and further alleges:

16. CARNIVAL owed Plaintiff the legal duty to exercise reasonable care under the circumstances for his safety.

17. CARNIVAL also owe Plaintiff the legal duty to warn Plaintiff of all dangers it knew or should have known which were not open and obvious.

18. CARNIVAL breached its duty, and was negligent, by:

    a. Failed to establish proper policies and/or protocols to ensure that upper bunks, including the subject bunk, were stowed and locked in place after each use;

    b. Failed to train or sufficiently train ship's crew, in particular cabin stewards, with regard to proper policies and/or protocols to ensure that upper bunks, including the subject bunk, were stowed and locked in place after each use;

    c. Failing properly secure the upper bunk bed prior to the subject cruise;

    d. Failing to properly maintain the upper bunk's latching / locking mechanism;

    e. Failing to replace the upper bunk's latching / lock mechanism;

    f. Failing to warn or adequately warn Plaintiff that the upper bunk could become unlatched and/or deploy without being touched;

    g. Failing to properly inspect the upper bed to make sure it was in a fastened and/or locked position;

    h. Failing to follow protocol and/or industry standards concerning the proper methods to lock and/or ensure the upper bunks were locked;

    i. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action; and/or

    j. Failing to properly maintain the area in a safe and reasonable manner.

19. CARNIVAL:

    a. Had actual knowledge of the dangerous condition; and/or,

    b. Created, through active negligence and/or operational negligence, the alleged unsafe, dangerous or defective condition; and/or

    c. Had constructive knowledge of the dangerous condition as it existed for a sufficient length of time so that Defendant should have know of it by the exercise of ordinary care.

20. As a result of CARNIVAL's negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages for all injuries suffered as a result of the alleged accident and injury including, but not limited to, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical care and treatment experienced in the past and to be experienced in the future together with all taxable court costs and pre and post judgment interest.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

**DATED: January 18, 2019**

By: *Paul M. Hoffman, Esq.*
FBN: 0279897

Hoffman Law Firm
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Tel: (954) 707-5040