UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-CV-20264-GOODMAN
[CONSENT CASE]

ERIC EWING,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, CARNIVAL CORPORATION, by and through undersigned counsel and pursuant to Local Rule 56.1 and Federal Rule of Civil Procedure 56 hereby respectfully moves the Court for entry of Summary Judgment in its favor.

Consistent with Local Rule 56.1, Defendant filed its separate Statement of Material Fact. The facts in the Statement of Material Fact and accompanying exhibits are incorporated herein. The references within this Motion to exhibit numbers correspond to those attached in the Statement of Material Fact.

## INTRODUCTION

This is maritime personal injury claim. Plaintiff alleges he sustained injury on January 25, 2018, while a passenger aboard the Defendant's cruise vessel *Carnival Ecstasy*. Plaintiff claims the incident occurred in cabin R298 while he was alone. Plaintiff claims he was sitting on the lower bunk in cabin R298 eating a slice of pizza when an upper stowed bunk bed suddenly released and struck Plaintiff on the head.

Plaintiff claims Defendant failed to inspect, maintain, and monitor the subject area. The Complaint contains one count for negligence. [DE 1¶ 17-18, Ex. 1]. Plaintiff alleges that Defendant had actual and constructive notice of the alleged unsafe, dangerous, and defective condition and Plaintiff suffered numerous damages stemming from Defendants Negligence. *Id.* at ¶ 19-20.

The undisputed facts show a single loose or dislodged screw on the latch bar can cause an upper bunk bed to unexpectedly release in rough weather. The undisputed facts indicate that after the incident, a loose screw from the latch bar was found on the bed. The undisputed facts indicate a lack of notice of the latch screw loosening or becoming dislodged, as the latch bar is not visible when the bed is in its upright, stowed position. The undisputed facts indicate Defendant implemented, and followed, a procedure to ensure the upper stowed bunk beds are maintained in a reasonable safe condition. The undisputed facts indicate there was never a substantially similar incident involving the subject bunk in Plaintiff's cabin, or any other bunk on the entire *Carnival Ecstasy*, within the last thirty-six (36) months.

As will be set forth fully below, this case is nearly identical to the facts in *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65-66 (2d Cir. 1988)., where the Second District reversed judgment from the District Court and held Defendant had no actual or constructive knowledge of a dislodged, protruding screw in a passenger stairway. The undisputed facts demonstrate Plaintiff fails to carry his required burden of proof on several essential elements of his claim. Notably, summary judgment should be granted in Defendant's favor because (1) Plaintiff fails to prove Defendant had actual or constructive notice of the alleged unreasonably dangerous condition posed by the undisputed screw coming loose or dislodged from the latch bar, a pre-requisite to liability under the governing maritime law, and (2) even if Plaintiff provided enough evidence to show Defendant created the dangerous condition, Plaintiff has still

failed to show Defendant had actual or constructive notice of the alleged unreasonably dangerous condition. Plaintiff's deficiencies of proof entitle Defendant to summary judgment in its favor.

## **MEMORANDUM OF LAW**

**I.    Summary Judgment is designed to dispose of factually unsupported claims.**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986); *Hilburn v. Murata Electronics North America Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970). Once the moving party has met its burden, however, the party opposing the summary judgment may not simply rely on the pleadings or mere denials of the allegations; rather, the opposing party must adduce specific evidence showing that material facts are in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact"); *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010). A non-movant "cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. Sys.*, 448 F. App'x 17, 19 (11th Cir. 2011).

As the United States Supreme Court announced in *Celotex*, "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims..., and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id.* at 324.

## II.     Essential Elements of Plaintiff's Claims

The law is clear and the parties agree that Plaintiff's claims are governed by the general maritime law. [DE 1, ¶7]; *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Plaintiff must prove the following elements to prevail in a negligence action under the general maritime law: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236 (S.D. Fla. 2006).

The cruise ship operator owes its passengers the duty to exercise reasonable care under the circumstances. *Kermarec,* 358 U.S. at 630, 79 S. Ct. at 410; *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe,* 867 F.2d at 1322. The ship operator is not, however, an insurer to its passengers; it is liable only for its negligence. *Keefe*, at 1322. The cruise ship operator is not the insurer of the safety of the passengers and does not become liable merely because an accident occurs. *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, n.1 (S.D. Fla. 1986).

The cruise line owes the duty to take corrective action to prevent passenger injuries only where it knows or should know of the dangerous condition. *Adams v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 122822, *9-10 (S.D. Fla. 2009) (S.D. Fla. 2009). A cruise line owes the duty to warn its passengers of those dangers that "the cruise line knows or reasonably should have known," and "which are not apparent and obvious to the passenger." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To prove a breach of the cruise line's legal duties, the Plaintiff must show: (1) a dangerous condition existed; (2) Defendant was on actual notice of the dangerous condition; and (3) if Defendant did not have actual notice, it was on constructive notice that the dangerous condition existed for an interval of time sufficient to allow it to implement corrective measures. *Noble v. Carnival Corp.*, 2016 U.S. Dist. LEXIS 175005 (S. D. Fla. 2016) (citations omitted).

Where, as is the case here, the plaintiff relies on speculation and fails to prove a breach of the standard of care, the claim for negligence must fail and summary judgment is properly granted. *Mercer v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 9093 (S.D. Fla. 2009); *Wiener v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 151395, *6 (S.D. Fla. October 22, 2012).

### III. Notice

#### a. Plaintiff failed to prove Defendant had actual or constructive notice of a risk-creating condition.

A plaintiff's failure to prove the defendant had actual or constructive notice of the hazard is fatal to the plaintiff's claim. *Taiariol v. MSC Crociere S.A.*, 677 Fed. Appx. 599, 2017 WL 382316 (11th Cir. 2017) (holding that even if allegedly dangerous condition were not open and obvious, summary judgment was still warranted because plaintiff did not present evidence that defendant had notice of any risk-creating condition).

The general maritime law within the Eleventh Circuit Court of Appeals is clear, as stated in *Keefe*:

> [W]e hold that the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, ***a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition,*** at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.

*Keefe,* 867 F.2d at 1322 (emphasis added).

It is also well-settled that the burden rests with the plaintiff to prove notice, whether actual or constructive, as well as the existence of notice for a sufficient interval of time to allow for corrective action. *See generally Keefe,* 867 F.2d at 1322; *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65-66 (2d Cir. 1988).

The "mere implication" of actual or constructive notice is insufficient to survive summary judgment. *See Adams*, 2009 U.S. Dist. LEXIS 122822 at *9-10 (finding that for the plaintiff to survive summary judgment, "mere implication of notice" was insufficient and that the plaintiff needed to show "specific facts demonstrating, at least, that the purported defect was detectable with sufficient time to allow for corrective action"). Knowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F.App'x 905, 907 (11th Cir. 2017). The fact that passengers can become injured does not put the ship owner on notice of the specific risk-creating condition in a given case. *Taiariol*, 677 Fed. Apps. at 601. A cruise ship only has a duty to protect passengers from dangers of which it has notice. *Malley*, 713 F. App'x at 907; *Keefe*, 867 F.2d at 1322 ("[the standard of ordinary reasonable care] requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land not clearly linked to nautical adventure.").

Inferences which rely upon speculation and guesswork are insufficient to prevail over a properly pled motion for summary judgment. "An inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982)).

The substantial similarities in facts between the present case and those of *Monteleone* warrant a closer look into the sound reasoning behind *Monteleone's* ruling and its continued authority. In *Monteleone*, 838 F.2d at 66, the Second Circuit reversed the District Court's ruling

that initially found the defendant liable for negligence. The court reversed judgment upon a finding that the plaintiff failed to prove the defendant had constructive notice of a screw protruding from a "stair nosing" and therefore the judge engaged in impermissible speculation. *Id.* To reach this conclusion, the Second Circuit concluded that merely allowing a screw to protrude from the stair nosing does not constitute a breach of reasonable care owed to the plaintiff. *Id.* at 65. The court noted that no witness testified to seeing the protruding screw prior to the incident. *Id.* at 66. There was testimony from the defendant that indicated the stairs were cleaned and inspected on a regular basis and no defect was detected prior to the incident. *Id.* Because the record was devoid of any evidence indicating that the condition of the dislodged, raised screw existed long enough to put defendant on notice, the judgment was properly reversed. *Id.* Finally, the Second Circuit took note that the District Court did not expressly rely on the plaintiff's expert's opinion that the screws might work loose gradually, and, even if it did, the testimony would **not** be evidence that the condition existed for a sufficiently long period of time to charge defendant with constructive notice. Id. at n. 2 (emphasis added).

Here, similar to the defendant cruise line operator in *Monteleone*, Defendant did not have actual or constructive notice of the loose or misplaced screw(s) that allegedly caused the bunk to release from its raised position subsequently injure Plaintiff. No witness testified to having any knowledge of the loose or misplaced screw(s) or the status of the lock. By Plaintiff's own admission, which is corroborated in the testimony of Defendant's witnesses, there is no evidence a Carnival employee was aware of the status of the lock:

> Q. Did any of the Carnival employees, whether it be the housekeeping staff or the security officers, say anything else to you about the condition of the bunk bed other than the lock was broken?
> A. I don't believe so.
> Q. Did any of them indicate to you that they were aware that the lock was broken before your accident happened?
> A. I don't believe so.

Pl.'s Dep. 105:19-25; 106:1-3, Aug. 22, 2018, Ex. 2.

Defendant followed the established procedure on the day of the incident and inspected the upper bunks in cabin R298. [Williams Dep. 92:20-93:18, 109:9-111:6, Ex. 4; Peredo Dep. 23:8-17, Ex. 5]. As such, Defendant cannot be deemed to have been on notice of a dangerous condition brought about by the loose and/or dislodged screw in the latch bar of the bunk bed.

Furthermore, there is no indication as to how long it took for the alleged risk creating condition to develop or how long it existed for. There is no record evidence in the instant case proving that the alleged dangerous condition brought about by the loose and/or dislodged screw in the latch bar of the bunk bed existed for *any* length of time during which Defendant could or should have been aware. Plaintiff did not present any record evidence showing how long the loose and/or dislodged screw(s) had been in existence before the alleged upper bunk in cabin R298 suddenly released. Plaintiff's testimony states that he saw the screw after the accident and it was found on the inside of the bunk bed:

> Q.   Okay. What happened?
> A.   He said, here's the screw. It was sitting on the sheets. Took out a screwdriver, put it back together, turned it, locked it, stepped on my bed, pulled it. And it was locked.
> Q:   You said there was a screw on your sheet?
> A:   On the sheets inside the bunk bed.
> Q:   Oh, inside the bunk bed?
> A:   Yes.

Pl.'s Dep. 105:2-11, Aug. 22, 2018, Ex. 2.

Pursuant to Plaintiff's testimony regarding his own observation of the screw and conversation with employees of Defendant, it is impossible for the lock to be engaged if either one or both of the latch bar screws are missing. [Pl.'s Dep. 119:25; 120:1-5, Aug. 22, 2018, Ex. 2].

Testimony from the ship's cabin steward stating he checked the upper bunks in Plaintiff's cabin to ensure they were locked on the day of the incident is evidence that, at the time the subject upper bunk was checked, the screws holding the bunk beds latch bar to the wall were in place. [Williams Dep. 92:20-93:18, 109:9-111:6, Ex. 4]. The screws on the latch bar are not visible when the bed bunk bed is in its upright, stowed position. [Emond Dep. 37:12-15, Ex. 6]. From the time the cabin steward made his routine daily check to ensure the bed was locked until the time Plaintiff allegedly was injured, it is possible the screws became loose due to vibration, wear, from the ship's movement, or even fell out of the locking mechanism completely. Either way, Plaintiff has proffered no evidence in support of its contentions that Defendant had actual or constructive notice of a dangerous condition, the loose and/or dislodged screw, and that the condition existed for a length of time during which Defendant could or should have been aware and repaired it.

Similar to the District Court's ruling in *Monteleone*, even if this Court were to take note that the screw(s) that held the latch bar in place worked themselves loose gradually, it would still not be evidence to prove the alleged condition existed for a sufficiently long period of time to charge defendant with constructive notice. *Monteleone*, 838 F.2d at 66 n. 2.

Although substantially similar prior incidents may be used to put a defendant on notice of an unreasonably dangerous condition, substantially similar incidents to those alleged by a plaintiff but occurring in different locations or otherwise under different circumstances do not give rise to actual or constructive notice. *See Taiariol*, 677 Fed. Appx. at 601 (stating the substantial similarity doctrine requires a party to provide evidence of conditions substantially similar to the occurrence in question). "Courts have found that prior falls are not substantially similar under this doctrine where those falls did not occur at the same place where the plaintiff at issue fell or otherwise sufficiently identified similar conditions to the ones at issue in the case

before the court." *Lebron v. Royal Caribbean*, 2018 U.S. Dist. LEXIS 138929 (S.D. Fla. 2018); *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287-88 (11th Cir. 2015) (affirming district court's ruling that "evidence of 22 other slip and fall incidents" aboard defendant's vessel did not meet the "substantial similarity doctrine" as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved).

In the event Plaintiff attempts to use prior incidents to establish actual or constructive notice, there has not been a substantially similar incident in the same cabin or location as Plaintiff's within the last three years aboard the *Carnival Ecstasy*. [Prior Incident Search, Ex. 8]. During discovery, Defendant conducted a search for prior incidents of passengers reporting an injury by upper stowed bunks aboard *Carnival Ecstasy* and its entire class of ships (8 ships) thirty-six (36) months prior to Plaintiff's incident. Defendant's search revealed just three (3) recorded incidents. *Id*. Not one of the other two prior incidents occurred in the same cabin R298, the cabin Plaintiff was staying in. *Id*. Not one of the other two prior incidents recorded even occurred on the same ship in which Plaintiff was injured. *Id*. There is no record evidence showing substantially similar prior incidents that would have put Defendant on actual or constructive notice that the upper stowed bunk that allegedly injured Plaintiff was unreasonably dangerous.

> **b. Notice of a risk-creating condition must be shown even if Defendant is the alleged cause of the condition.**

A plaintiff cannot avoid the obligation to prove actual or constructive notice by alleging that Defendant created the hazard alleged. Here, Plaintiff cannot distinguish the binding precedent rejecting this type argument. *Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563

(11th Cir. 2017). Plaintiff cannot avoid *Pizzino* or the requirement to prove Defendant had actual or constructive notice of the hazard in the present case; a loose and/or dislodged screw.

Plaintiff bears the affirmative legal burden of demonstrating actual or constructive notice of the risk creating condition, even where such condition is thought to have been caused by the Defendant. In *Pizzino v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the District Court's decision declining a jury instruction stating that actual or constructive notice need not be found. 709 F. App'x 563 (11th Cir. 2017). There, plaintiff fell after a crewmember carried buckets of water and cleaning solution down a hallway. *Id.* at 564. Although the crewmember testified that she did not spill any liquid from the buckets—only wiping the floor after the fall to placate the guests—plaintiffs sued Norwegian Cruise Line alleging the crewmember had been the cause of a hazardous condition of the floor. *Id.* During the *Pizzino* trial, the plaintiffs proffered a jury instruction stating that actual or constructive notice was not necessary since Norwegian *caused* the hazardous condition. *Id.* The lower court and the Eleventh Circuit disagreed, believing that actual or constructive notice remained the proper standard in such cases. *Id.* at 567. In reaching its decision, the court analyzed and rejected *Rockey*, a case stating an operator could be liable without notice where there is an "unsafe or foreseeably hazardous condition." *Id.* (citing *Rockey v. Royal Caribbean Cruises, LTD.*, CASE NO: 99-708-CIV-GOLD/SIMONTON, 2001 U.S. Dist. LEXIS 21886, at *13 (S.D. Fla. Feb. 20, 2001)).

In finding *Rockey*'s decision to be based upon a weak legal foundation, the court in *Pizzino* relied on *Everett*, concluding ultimately, "[W]e have no trouble concluding that *Rockey* and its progeny were wrongly decided." *Id.* at 567 (citing to *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990)). In *Everett*, the Eleventh Circuit reversed the District Court's denial of the defendant's motion for retrial, finding that without actual or constructive notice

(even with the defendant's supposed 55% fault), the Defendant could not be found liable and was entitled to retrial. *Everett*, 912 F.2d at 1359.

The Southern District of Florida follows *Pizzino*'s holding actual or constructive notice is the standard for notice under federal maritime law. *Morhardt v. Carnival Corp.*, 304 F. Supp. 3d 1290 (S.D. Fla. 2017). In *Morhardt*, the plaintiff was allegedly electrocuted when a defective hairdryer exposed his hand to its wiring, shocking his body and burning his hand. *Id.* at 1291. Rejecting the plaintiff's arguments for an exception where the defendant creates and/or causes the risk-creating condition, the Court stated that "the Eleventh Circuit's recent opinion in *Pizzino* squarely rejects any exception to the notice requirement," and granted Defendant's motion for summary judgment. *Id.* at 1295, 1300. Here, Plaintiff cannot avoid *Pizzino* or the requirement to prove Defendant had actual or constructive notice of the hazard.

In the present case, even if it were alleged that Defendant created the alleged hazard, Plaintiff fails to meet his burden to prove Defendant had actual or constructive notice of the alleged hazard, as no record evidence exists to corroborate notice of a loose and/or dislodged screw.

Plaintiff is expected to argue the cabin steward created the hazard by not actually locking the involved upper bunk bed. However, this account conveniently ignores the undisputed existence of a screw found on the bed *after* the accident. [Pl.'s Dep. 105:2-11, Aug. 22, 2018, Ex. 2].

The undisputed facts demonstrate Plaintiff is unable to adduce sufficient material facts to demonstrate the existence of a genuine issue of material fact as to whether Defendant had actual or constructive notice of the alleged risk-creating condition posed by the undisputed loose or and/or dislodged screw from the upper stowed bunk; as a result, this court properly enters summary judgment in favor of Defendant.

## CONCLUSION

The undisputed evidence demonstrates the deficiencies in Plaintiff's proof in support of his negligence claim. The undisputed evidence shows that Plaintiff's negligence claim fails as a matter for law. Summary judgment in this case is warranted as there remains no issue for a factfinder to decide as Plaintiff has failed to show that Defendant was on actual or constructive notice of a dangerous condition. Plaintiff did not present any evidence proving Defendant had notice of a loose or dislodged screw(s) in cabin R298, a faulty locking mechanism, or evidence that the bed was not properly locked when it was routinely checked the morning of the incident by Mr. Williams. Plaintiff did not present any record evidence regarding a lack of monitoring and/or maintenance of the upper bunk that allegedly released onto Plaintiff's head in cabin R298. Plaintiff did not present any record evidence showing how long the loose or dislodged screw(s) had been in existence before the alleged upper bunk suddenly released in cabin R298 to corroborate his speculation. These deficiencies in proof are fatal to Plaintiff's negligence claim as a matter of law. As a result, summary judgment is properly entered in Defendant's favor.

WHEREFORE Defendant, CARNIVAL CORPORATION, respectfully requests that this court enter an Order granting its Motion for Summary Judgment in favor of Defendant.

Dated: December 20, 2019

Respectfully Submitted,

/s/ Ryan T. Harris
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Brian T. Scarry**
Florida Bar No.: 914230
bscarry@admiral-law.com
**Ryan T. Harris**
Florida Bar No.: 1018831
rharris@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 20, 2019, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Ryan T. Harris
**Ryan T. Harris**
Florida Bar No.: 1018831

1534329

## SERVICE LIST

**Keith Brais**
Florida Bar No.: 0863319
kbrais@braislaw.com
**Michelle Y. Gurian**
Florida Bar No.: 100312
mgurian@braislaw.com
BRAIS LAW FIRM
9300 S. Dadeland Blvd., Suite 101
Miami, FL 33156-2704
Telephone: (305) 416-2901
Facsimile: (305) 416-2902
*Attorneys for Plaintiff, Eric Ewing*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Brian T. Scarry**
Florida Bar No.: 914230
bscarry@admiral-law.com
**Ryan T. Harris**
Florida Bar No.: 1018831
rharris@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
*Attorneys for Defendant, Carnival Corporation*

**Donnise DeSouza Webb**
Florida Bar No. 879398
ddesouza@carnival.com
Carnival Cruise Lines
3655 N.W. 87 Avenue
Miami, FL 33178-2428
Telephone: (305) 406-4838
Facsimile: (305) 406-4732
*Co-Counsel for Defendant, Carnival Corporation*