UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-CV-20264-GOODMAN [Consent Case]

ERIC EWING,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S MOTION TO HALT THE MADNESS
## (AND REQUEST FOR HEARING)

Plaintiff hereby files his Motion to Halt the Madness (and Request for Hearing) and states as follows:

### A.    BACKGROUND

On May 27, 2022 this Court took the rather remarkable step of granting Plaintiff's Motion for a New Trial. *Ewing v. Carnival Corp.*, 2022 WL1719315 (S.D. Fla. 2022). The Court did so due to the unfairly prejudicial nature of what CARNIVAL had argued was an impeachment exhibit, which turned out to be a manufactured video designed for substantive not impeachment purposes. In granting the Motion this Court observed:

> At bottom, the Court cannot say, with fair assurance, that the defense verdict for Carnival was not substantially swayed by the error in allowing the jury to see the unfairly prejudicial video.

*Id.* at *1.

This Court also observed that in a pretrial hearing CARNIVAL's counsel had represented that:

> So, I – you know, nobody's – **nobody's** going to, you know, **contend** anything in the nature of an **overt fraud**. However, you know, the believability of what the

1

> plaintiff contends and – and whether things happened in the manner the plaintiff contends is always at play.

(*Id.* at *3).  (Emphasis added).   This Court also noted that CARNIVAL's counsel explained that he would not expressly contend that EWING "staged the incident," but that the "*inference* is probably going to be in play."  *Id.*  (Emphasis supplied).

> This Court also said of the video:
>
> It placed in the jurors' minds the provocative theory that Mr. Ewing himself vandalized the bed by jimmying open the lock on the bed above his bed and then blatantly lied about what happened.  This specific theory was never mentioned before trial, and Mr. Ewing did not have the opportunity to prepare for it.
>
> More importantly, this Court granted a new trial because it failed to exclude the video under Fed.R.Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

*Id.* at *12.  (quoting *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1337 (11th Cir. 2011).

> Finally, this Court observed:
>
> As noted, for all practical purposes, the video essentially accused Mr. Ewing of perpetrating a fraud by jimmying open the lock and then providing false testimony about his activities.  But there was no evidence to support such a defense accusation, implied or expressed. . . .

*Id.* at *13 (footnote omitted).

Likewise, there is still no evidence to support such a defense accusation.  However, on Friday, CARNIVAL disclosed  newly manufactured evidence, over a year past the discovery deadline, in a desperate attempt to introduce a newly created video with a petite female room attendant easily "Jimmying" opening the bunkbed with a knife.

## B. CARNIVAL's Violations of This Court's Orders

On June 6, 2022 this Court issued its "Order Specially Setting Civil Jury Trial and Pretrial Schedule."  Paragraph 11 of that Order provides:

2

> Other than the limited discovery this Order permits about Mr. Emond's demonstrative aide, there will be no other discovery permitted. The discovery deadline already expired before the first trial.

(DE 275).

Later that same day this Court issued a paperless Order concerning cell phone video providing that CARNIVAL was "not permitted to use or reference the 'burley security guard' cellphone video during the retrial in any capacity." (DE 276)

On Friday, September 23, 2022, CARNIVAL violated that Order twice. First, at 2:25 pm CARNIVAL served on Plaintiff a euphemistically titled "Notice of Preservation of Evidence for Use at Trial." (Exhibit A). Without seeking leave of Court, this "Notice" discloses that on Tuesday, October 18, 2022:

> Defendants will remove the subject forward Pullman bunkbed and all accompanying parts for the purpose of preserving for presentation at trial. This is the same bunkbed, which was inspected by Plaintiff's liability expert, Dr. Kadiyala.

(Exhibit A).

Second, CARNIVAL served "Defendant's Third Supplemental Rule 26 Disclosure" at 3:44 p.m. This disclosure lists four items as documents and/or tangible things "to be used to support defenses." (Exhibit B). The first is the Pullman bunkbed referenced above. The second and third are two short (presumably cellphone) videos, not of a burley security guard, but rather of a petite female room steward easily "Jimmying" opening the bunkbed with a knife. As the *pièce de résistance* CARNIVAL lists a "standard cutlery set delivered to passenger cabins as part of room service order."

It is crystal clear that, rather than following this Court's directives in its Order granting new trial; its Order Specially Setting Civil Jury Trial and Pretrial Schedule (DE 275) and the paperless Order (DE 276) issued the next day further confirming that the previously fabricated

3

video of a security guard opening the bunkbed in support of an unpled claim of fraud could not be used, CARNIVAL intends to try the same unfairly prejudicial case it tried a year ago.

Hence, the title of this Motion.  Help!  Enough is enough.

## **MEMORANDUM OF LAW**

CARNIVAL seeks unilaterally to amend this Court's pretrial deadlines and pretrial Order declaring all discovery except for limited discovery concerning Mr. Emond's demonstrative aide.  It does so without even seeking leave of this Court.  Neither of the documents served upon the Plaintiff need to be filed with the Court.  Accordingly, the Plaintiff has been required to file this Motion to bring CARNIVAL's unrepentant violations of this Court's Orders to the Court's attention.

CARNIVAL's recent antics trigger the good cause standard under Federal Rule of Civil Procedure 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")  The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.  *See, e.g., Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16's good cause standard 'precludes modification [of scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension.'"

More importantly, CARNIVAL's latest moves are a direct afront to this Court's unmistakable rulings.

None of the four items listed were previously listed on CARNIVAL's exhibit list.  Accordingly, at a minimum, they will require additional discovery well beyond the discovery cutoff, the deadline for exhibit and witness lists (of the earlier trial), and in violation of this Court's recent orders as mentioned above.  For instance, CARNIVAL has unilaterally scheduled Tuesday,

4

October 18, 2022, for the "preservation/removal" of the Pullman bunkbed. However, Plaintiff's counsel will be in trial in Plantation Key in the matter of *Laurie Kipp, et al. v. Amy Slate's Amoray Dive Center, Inc., et al.*, Monroe Circuit Court Case No. 2018-CA-811-P, where jury selection will commence on October 13, 2022 and the trial will commence on October 17, 2022. (Exhibit C).

In addition, Plaintiff's expert would need to be present to observe the so-called preservation and removal and then test the dislodged bunk to determine if the same engineering principles apply to the dislodged bunk. This would require yet another supplemental report, in addition to the supplemental report which Dr. Kadiyala prepared following the inspection of Mr. Emond's demonstrative aide.

Moreover, Plaintiff would need to conduct discovery concerning the creation of the new video, including taking the deposition of the petite female room steward, and anyone else involved in the creation of the videos. Last, Plaintiff would need to conduct discovery concerning the cutlery list which was disclosed for the first time on Friday. None of this additional discovery is contemplated nor authorized by the Court, when it ordered a retrial of the former trial, not a trial of a newly invented case by CARNIVAL.

## CONCLUSION AND RELIEF REQUESTED

The Plaintiff respectfully requests this Court issue an order precluding the use of any of the four "exhibits" disclosed for the first time on Friday, September 23, 2022,. The Plaintiff also respectfully requests this Court issue an order precluding CARNIVAL from bringing the four items listed in Exhibit B to the trial or using them in any fashion at trial. Third, the Plaintiff respectfully requests the Court instruct CARNIVAL that there will be no video, no use of any demonstrative aide, no testimony, and no argument that Plaintiff in any way vandalized or otherwise opened the lock himself and staged his injury. Fourth, the Plaintiff respectfully requests

that this Court enter sanctions against CARNIVAL for the costs related to the filing of this Motion.

Plaintiff respectfully requests this Court schedule a 30-minute hearing on this matter at the Court's earliest opportunity.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that counsel for Plaintiff has conferred with opposing counsel in a good faith effort to resolve the issues raised in the motion. Counsel for Defendant opposes the instant request for relief.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 26, 2022. I also certify that the foregoing was served on all counsel or parties of record per the below **Service List** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>
> PHILIP D. PARRISH, P.A.
> *Co-counsel for Plaintiff*
> 7301 SW 57th Court, Suite 430
> Miami, Florida 33143
> Tel.: 305-670-5550/Fax 305 670-5552
> Email: phil@parrishappeals.com
>         betty@parrishappeals.com
>
> By:   */s/ Philip D. Parrish*
>         Philip D. Parrish
>         Florida Bar No. 0541877

## SERVICE LIST

*Ewing vs. Carnival Corporation*
**Case No.: 19-cv-20264-GOODMAN**

| | |
|---|---|
| KEITH S. BRAIS, ESQ.<br>Email: kbrais@braislaw.com<br>Florida Bar No.: 863319<br>MICHELLE Y. GURIAN, ESQ.<br>Email: mgurian@braislaw.com<br>Florida Bar No.: 100312<br>**BRAIS LAW FIRM**<br>Dadeland Towers<br>9300 S. Dadeland Blvd., Suite 101<br>Miami, Florida 33156<br>Telephone: (305) 416-2901<br>Facsimile: (305) 416-2902<br>*Attorneys for Plaintiff* | DAVID J. HORR, ESQ.<br>Email: dhorr@admiral-law.com<br>Florida Bar No.: 310761<br>**HORR, NOVAK & SKIPP, P.A.**<br>Two Datran Center, Suite 1700[!]9130 South Dadeland Boulevard, Miami, FL 33156<br>Telephone: (305) 670-2525<br>Facsimile: (305) 672-2526<br>*Attorneys for Defendant, Carnival Cruise Lines* |
| PHILIP D. PARRISH<br>Email: phil@parrishappeals.com<br>Florida Bar No.: 0541877<br>Email: betty@parrishappeals.com<br>**PHILIP D. PARRISH, P.A.**<br>7301 SW 57th Court, Suite 430<br>Miami, Florida 33143<br>Telephone: (305) 670-5550<br>Facsimile: (305) 670-5552<br>*Co-Counsel for Plaintiff* | DONNISE DESOUZA, ESQ.<br>Florida Bar No. 879398<br>ddesouza@carnival.com<br>**Carnival Cruise Lines**<br>3655 N.W. 87 Avenue<br>Miami, FL 33178-2428<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>*Co-Counsel for Defendant, Carnival Cruise Lines* |