**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA**

**CASE NO.: 2018-CA-811-P**

**LAURIE KIPP** as the personal representative of **THE ESTATE OF STEVEN KIPP**,
    Plaintiff,
vs.

**AMY SLATE'S AMORAY DIVE CENTER, INC.** and **EDWARD HALL**,
    Defendants.
_____/

## SECOND AMENDED ORDER SCHEDULING, TRIAL BY JURY, PRETRIAL PROCEDURES, MEDIATION AND DISCOVERY DEADLINES

**THIS CASE** having been reviewed by the Court pursuant to Rule 1.200(a) of the Florida Rules of Civil Procedure, and Rule 2.085 of the Florida Rules of Judicial Administration with regard to the Court's obligations thereunder, and the Court being fully advised in the premises, finds that this case is at issue and ready for trial, it is therefore

**ORDERED AND ADJUDGED** as follows:

1. **TRIAL BY JURY DATE:** This action shall be set during the two-week trial period beginning **OCTOBER 17, 2022**, or soon thereafter as possible. All parties and Counsel are required to attend Jury Selection on **OCTOBER 13, 2022, at 8:30 a.m.** before the Honorable Luis M. Garcia at the Plantation Key Courthouse, Monroe County Government Center, 88770 Overseas Hwy., Tavernier, FL  33070.

2. **PRETRIAL CONFERENCE DATE:** The Pretrial Conference is scheduled on **OCTOBER 6, 2022, at 9:00 a.m.** in accordance with the provisions of Rule 1.200, Florida Rules of Civil Procedure. No substantive motions shall be heard at the pretrial conference. As such, parties may appear telephonically via CourtCall.  Those parties wanting to appear telephonically shall make their Court Call reservation at least three business days prior to the pretrial conference by calling 1-888-882-6878.

Counsel must present a complete set of jury instructions to the court at the time of the pretrial conference, if the instructions are to be considered at trial.

**Counsel is required to bring their personal calendars to the pretrial     conference and all subsequent hearings.**

3. **PRETRIAL MEETING:** No later than **seven (7)** days prior to the Pretrial Conference, attorneys for the parties shall meet by agreement at a pretrial meeting initiated by counsel for Plaintiff, to discuss the following:

    (1) To discuss the possibility of settlement;
    (2) To stipulate to as many facts and issues as possible;
    (3) To examine all exhibits and documents that may be used at trial;
    (4) To review all video depositions or exhibits to be used at trial; and
    (5) To complete all other matters which may expedite both the Pretrial Conference and the trial of this cause.

4. **REQUIREMENTS OF JOINT PRETRIAL STIPULATION:** Counsel shall prepare a Joint Pretrial Stipulation which shall be filed with the Clerk and **deliver a copy to the undersigned judge's chambers no less than 48 hours before the Pretrial Conference** (excluding Saturday and Sunday).  The Stipulation shall contain the following:

    (a) a concise, factual statement of the nature of the action, including the date and place of accrual, identity of the parties as they relate to the action, and a brief, general statement of each party's case or contention. The statement shall be in such form and contain such necessary information to apprise the Court of all claims to be tried, including any Counterclaims, Cross Claims, or Third-Party Claims;

    (b) a concise statement of those facts which are admitted and will require no proof at trial;

    (c) a concise statement of those issues of fact which remain to be litigated;

    (d) the name and address of all witnesses, including anticipated impeachment witnesses, who may testify at trial;

(e) a statement reflecting objections to specific portions of video depositions, testimony, or video exhibits which may be offered in evidence at trial; and

(f) a list of any undisposed matters to be heard at the Pretrial Conference.

5. **FACT WITNESSES AND EXHIBITS:** All fact witnesses, and exhibits must be disclosed no later than **30 days** from entry of this Order, by the party bearing the burden of proof on the issue the witness will testify on; the party not bearing the burden of proof on that issue will have an additional **10 days** thereafter to disclose witnesses, if any.

6. **EXPERT WITNESSES:** All expert witnesses must be disclosed no later than **40 days** from entry of this Order by the party bearing the burden of proof on the issue that the expert will testify on; the party not bearing the burden of proof on that issue shall have an additional **10 days** thereafter to disclose experts, if any.

7. **DISCOVERY DEADLINE:** All discovery (including obtaining rulings on discovery motions) shall be completed **45 days** from entry of this Order. "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved. This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony and of record custodians must be completed prior to the Pretrial Conference, and no continuances will be granted as a result of failure to comply with this requirement.

8. **DISCOVERY DISPUTES:** Counsel and/or parties are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute via Zoom.

    **Counsel is required to have their personal calendars available at all scheduled hearings.**

9. **MOTION PRACTICE AND PROCEDURE**:

    a. **GENERAL MOTION FILING DEADLINE:** All motions, (excluding discovery motions which are controlled by paragraph 7, above) shall be filed no later than **15 days** after the discovery deadline. Any motion filed after that

    date may be deemed untimely and may be thereupon denied.

b. **GENERAL MOTION HEARING DEADLINE:** Timely filed motions shall be scheduled and heard no later than **20 days** after the discovery deadline. Any motions not heard by that date may be denied as untimely.

c. **MOTIONS DIRECTED TO THE PLEADINGS**: All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within **30 days** of the date of filing of the motion. Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above. These requirements may be excused only upon good cause shown, upon motion of any party and order of the Court.

d. **MOTION SETTING:** Motions may be heard by the Circuit Judge or before a Special Magistrate. As part of the process of clearing the date with all other lawyers' calendars, the party scheduling the hearing is responsible to confirm in advance with all other counsel whether the motion is evidentiary or nonevidentiary. Motions may be specially set by calling Judicial Assistant, Susan Johnson, at (305) 852-7165.

e. **TELEPHONIC PROCEDURE:** All counsel or parties appearing telephonically, if authorized, shall utilize CourtCall by calling (888) 882-6878, unless otherwise directed by the court.

f. **MOTION PROCEDURE**: Motions shall be filed with the Clerk of Court and in the Court file before hearing time is reserved and a courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least **3 business days** before the hearing. The Court will not provide hearing time to Motions that have not been filed. Motions must be set for hearing within **30 days** of filing, except as set forth in paragraph (a), above. Oral argument shall be deemed waived on motions not heard within **45 days** of filing. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

    g. **ALL MOTIONS DATES TO BE CLEARED:** Counsel shall not schedule a motion hearing on a date or time that has not been cleared on all other counsel's calendar(s). If counsel is unable to agree on dates or times for hearings, the moving party shall teleconference opposing counsel or via Zoom and contact the Judge's Judicial Assistant for assistance in scheduling.

    h. **MEET AND CONFER REQUIREMENT:** Counsel shall meet and confer regarding all disputed issues before setting a hearing to resolve those issues on motion. Failure to comply with this requirement may result in removal of motions from the docket, rescheduling of motions by the Court, denial of motions, or sanctions, as appropriate.

    i. **EMERGENCY MOTIONS:** An emergency motion is based on an immediate threat to life, limb, or property. The Court will set aside all other pending matters to address <u>bona</u> <u>fide</u> emergencies. Scheduling conflicts between counsel, last minute attempts to modify deadlines, and similar issues are not "emergencies" and may not be styled as such to obtain expedited relief from the Court. Once our office receives an emergency motion, it is our policy to reach out for any objections to the relief sought and receive a response from opposing counsel within 48 hours. Counsel is directed to meet and confer regarding such issues and either submit a stipulation and agreed order, or to schedule such matters for hearing by calling the Judge's office.

**10.**     **MEDIATION REQUIREMENT:** The Court requires mediation in all civil cases, unless otherwise ordered. This order shall constitute a referral to mediation by the Court pursuant to Fl.R.Civ.Pro. 1.700(1), and the rules, procedures and other requirements set forth in Rules 1.700-1.730, are applicable, including the imposition of sanctions, which includes attorneys' fees and costs, <u>inter</u> <u>alia</u>, regarding all mediations conducted in or regarding this case. **THE PARTIES WILL SCHEDULE AND COMPLETE MEDIATION BY SEPTEMBER 15, 2022**. Previous, unsuccessful attempts at mediation may not be deemed a sufficient basis to be excused from this mediation requirement. Plaintiff's counsel is directed to coordinate the mediation with all other counsel. All parties are ordered to appear in person for the mediation, and a claims adjuster with full settlement authority is also ordered to appear in person in cases where any portion of the

    defense is being conducted by an insurance carrier by the best means provided by the Mediator.  If no mediation report showing compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

11. **MOTIONS IN LIMINE:**  These motions must typically be filed and heard as set forth above.  The Court will hear motions in limine after these deadlines only upon a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

12. **CASE MANAGEMENT AND OVER TIME STANDARDS CASES:**  The court will regularly review the case for case management purposes, and a failure to progress the case as required by the scheduling order may result in dismissal without prejudice on the court's own motion, or such other sanctions or remedies as may be appropriate.

13. **SETTLEMENT OR DISMISSAL:**  Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

14. **TRIAL TIME:**  Five (5) days have been allotted for trial of this cause.

    **DONE and ORDERED** in Chambers at Plantation Key, Monroe County, Florida, this Wednesday, July 20, 2022.

                          44-2018-CA-000811-A0-01PK 07/20/2022 02:54:17 PM

                          Judge Luis Garcia, Circuit Judge
                          44-2018-CA-000811-A0-01PK 07/20/2022 02:54:17 PM

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been sent to the following individuals on Wednesday, July 20, 2022.

Keith Steven Brais
kbrais@braislaw.com
rgonzalez@braislaw.com
alainez@braislaw.com

Krista Fowler Acuna
kacuna@hamiltonmillerlaw.com
jmartin@hamiltonmillerlaw.com
mmontesdeoca@hamiltonmillerlaw.com

Michelle Yariz Gurian
mgurian@braislaw.com
kpena@braislaw.com
alainez@braislaw.com

Russell A Yagel
RYagel@hlylaw.com
TDavis@hlylaw.com
Velunza@hlylaw.com

44-2018-CA-000811-A0-01PK 07/20/2022 04:58:59 PM

*Susan A. Johnson* (signature)

Susan Johnson, Judicial Assistant
44-2018-CA-000811-A0-01PK 07/20/2022 04:58:59 PM

**BE ADVISED THAT THIS CASE WILL NOT BE REMOVED FROM THE TRIAL CALENDAR DUE TO THE FAILURE OF EITHER PARTY TO COMPLETE DISCOVERY.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Cheryl Alfonso, 302 Fleming Street, Key West, Florida, 33040, (305) 292-3423, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired call 711.**