UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-20264-CIV-GOODMAN
[CONSENT CASE]

ERIC EWING,

    Plaintiff,
v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT**
**(TO INCLUDE PRE-JUDGMENT INTEREST)**

After this Court entered a final judgment [ECF No. 392] of $675,000 in favor of Plaintiff Eric Ewing following a jury verdict in his favor, Ewing filed [ECF No. 397] a motion to amend the judgment so that it includes pre-judgment interest on his past damages. Defendant Carnival Corporation filed an opposition response [ECF No. 398] and Plaintiff filed a reply [ECF No. 399]. For the reasons outlined below, the Undersigned **grants** the motion and will separately enter an Amended Final Judgment.

Factual Background

On November 23, 2022, the jury (in a second trial, which took place after the Court granted Ewing's motion for a new trial following a defense verdict in the first trial) returned a verdict in Ewing's favor. It awarded Ewing $275,000 for past general damages (pain and suffering, disability, physical impairment, disfigurement, mental or emotional anguish, inconvenience,

1

aggravation of an existing disease or physical defect and loss of capacity for the enjoyment of life) and $400,000 in future general damages (i.e., the same categories of damages, but for the future, as opposed to for the past). The Court entered a Final Judgment in Ewing's favor [ECF No. 392] in the amount of $675,000, retaining jurisdiction to rule on applications for costs and attorney's fees (if applicable).

Ewing filed a motion to amend judgment, asking that the Court enter an amended final judgment to include pre-judgment interest for his past damages (of $275,000). He also asks that the amended final judgment make clear that it will accrue post-judgment interest. He argues that there are no special circumstances which would make it inequitable to award pre-judgment interest.

Carnival's opposition focuses on the COVID-19 pandemic, which led to the suspension of all jury trials, and which caused the trial in the instant case to be delayed from October 20, 2020 to October 18, 2021. Carnival argues that the unexpected lengthy delays caused by the COVID-19 pandemic constitute peculiar circumstances which would justify a court denying pre-judgment interest. Carnival notes that the suspension of jury trials in this District was not caused by Carnival, but, instead, by an unexpected global pandemic. In addition, Carnival also contends that the initial jury verdict and Final Judgment (both of which were for Carnival) generate additional peculiar circumstances which make it inequitable for Carnival to be required to pay pre-judgment interest.

Finally, Carnival argues, in the alternative, that pre-judgment interest (if awarded by the Court) should run only from January 25, 2018 (the day of Ewing's injury aboard the cruise ship) to April 20, 2020 (the date scheduled for the first special set trial, which was continued because

of the pandemic). In other words, Carnival says, the pre-judgment interest calculation should not include the time from April 20, 2020 to November 23, 2022 (the date of the jury verdict in the second trial). Carnival says the unexpected delays caused by the pandemic and the fact that the initial verdict and Final Judgment were in its favor make it inequitable to impose pre-judgment interest during this interval.

In his Reply, Ewing raises several arguments: (1) Carnival could have, and should have, settled the case before, during and after the COVID-19 delay; (2) denying pre-judgment interest would reward Carnival for its conduct during the first trial, which caused the Court to grant a new trial; (3) case law authority does not support Carnival's argument that the COVID-created trial delays presented exceptional circumstances warranting denial of pre-judgment interest; and (4) the COVID trial delays were neither party's fault.

Applicable Law and Analysis

Although never "automatic," pre-judgment interest is generally awarded in maritime cases except in "unusual circumstances." *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 196 (1995) (explaining that neither a good-faith dispute over liability nor the existence of mutual fault justifies denial of pre-judgment interest in an admiralty case). "It is the general rule of this [C]ircuit to award pre-judgment interest in admiralty cases." *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003); *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990) (explaining that pre-judgment interest is "not a penalty").

Indeed, courts in this district have found that "[a]s a general rule, pre[-]judgment interest should be awarded in admiralty cases [as it] is not a penalty, but compensation to the plaintiff for

3

the use of funds that were rightfully his." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 666 F. Supp. 2d 1341, 1345 (S.D. Fla. 2009) (quoting *Ocean Lynx*, 901 F.2d at 942). Courts in this District also recognize that a court should only deny pre-judgment interest when there are "peculiar circumstances" that make it inequitable for the losing party to pay pre-judgment interest. *Lago Canyon*, 666 F. Supp. 2d at 1345 (citing *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1550 (11th Cir. 1987)).

In awarding pre-judgment interest, the district court does not need to make specific findings, and the district court's decision on whether to award pre-judgment interest is reviewed for an abuse of discretion. *Sunderland Marine,* 338 F.3d at 1280.

The rule in favor of pre-judgment interest applies to an injured plaintiff's compensatory damages, including pain and suffering. *See Deakle v. John E. Graham & Sons*, 756 F.2d 821, 833 (11th Cir. 1985) (holding that an award of pre-judgment interest on portion of verdict which represented recovery for pain and suffering and mental anguish in an action against a vessel owner for personal injuries was not an abuse of discretion); *see also Tesler v. Costa Crociere, S p.A.*, No. 08-60323 CN, 2009 WL 1286170, at *5 (S.D. Fla. May 7, 2009) (awarding pre-judgment interest on an injured passenger's past general damages and past medical expenses); *Stissi v. Interstate and Ocean Transp. Co.*, 765 F.2d 370, 377 (2d Cir. 1985) (same).

In a few other recent passenger personal injury cases, the Eleventh Circuit Court of Appeals upheld multiple trial courts' decisions to order pre-judgment interest at the applicable average prime rate, and for pre-judgment interest to be compounded annually. *See Lebron v. Royal Caribbean Cruises, Ltd.*, 2021 WL 2917265 (11th Cir. 2021).

Courts have not been receptive to the argument, raised here by Carnival, that the COVID trial delay is an exceptional circumstance justifying the denial of pre-judgment interest to a plaintiff who prevailed at trial. *See, e.g., Zivkovic v. Laura Christy, LLC*, No. 1:17-cv-553, 2022 WL 1684268, at *2 (S.D.N.Y. May 26, 2022) ("Here, notwithstanding any delays caused by plaintiffs' partial summary judgment motion or the COVID-19 pandemic, defendants had 'the use of another person's money' through the date of the jury's verdict and, therefore, should pay prejudgment interest during this period in order to make plaintiffs whole."); *Paragon Asset Co. Ltd. v. Gulf Copper and Mfg. Corp.*, No. 1:17-CV-203, 2022 WL 3445744 at *42 (S.D. Tex. Aug. 17, 2022) (rejecting argument that COVID-19 presented an exceptional circumstance warranting denial of pre-judgment interest in maritime case); *Sunoco Partners Mktg. and Terminals L.P v. Powder Springs Logistics, LLC*, No. 17-1390, 2022 WL 3973499 at *5 (D. Del. Aug. 31, 2022) (rejecting COVID delay argument and granting pre-judgment interest and concluding that a request for a continuance was "perfectly reasonable" given the pandemic and the inability to conduct an in-person jury trial); *Cf. Pierce Mfg. Inc. v. E-One, Inc.*, 2022 WL 479804 at *1 (M.D. Fla. 2022) (finding that the plaintiffs were not entitled to pre-judgment interest for the period of the continuance the plaintiffs requested, where the case was originally scheduled for trial on March 23, 2020, and there was no reference to an Administrative Order such as the ones entered in the Southern District).[1]

---

[1] In Administrative Order 2020-18, the Southern District of Florida suspended "all jury trials" set to begin on or after March 20, 2020, as a result of the COVID-19 Pandemic. In Administrative Order 2021-50, the Southern District of Florida issued its tenth suspension of jury trials, ordering that "all jury trials in the Southern District of Florida scheduled to begin on or after March 30, 2020, are continued until July 19, 2021." No similar, additional administrative orders were entered after Administrative Order 2021-50.

Pre-judgment interest is typically only tolled where the party seeking pre-judgment interest has acted in bad faith to delay the action. *Paragon Asset Co. Ltd.*, 2022 WL 3445744 at *42. Here, the COVID delay was not due to the fault of *either* party, so Ewing (the party seeking pre-judgment interest) is surely not responsible for the delay of the trial.

The rate of pre-judgment interest is within the discretion of the district court, but the Eleventh Circuit has approved use of the prime rate during the relevant period. *Sunderland Marine*, 338 F.3d at 1280.

Under *Sunderland Marine*, Ewing would be entitled to pre-judgment interest on Plaintiff's past damages at the average prime rate (4.30%) from the date of injury, January 25, 2018, to the date of verdict, November 23, 2022. Pre-judgment interest on the $275,000 award for past damages, calculated at 4.30% compounding annually from January 25, 2018 to November 23, 2022, comes to $57,167.98. Therefore, the total amended judgment is **$732,167.98** (calculated by adding $57,167.98 to the $675,000 verdict).[2]

Moreover, the judgment will accrue post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. §1961(a). The interest should be calculated from the date of the initial judgment in Ewing's favor: December 2, 2022, using the rate specified in the statute.

---

[2] Carnival points out the pre-judgment interest does not encompass future damages, but Ewing did not seek that type of relief in his motion.

Conclusion

The Court grants Plaintiff's motion to amend the judgment in his favor and will soon issue an amended judgment, consistent with this ruling.

**DONE AND ORDERED** in Chambers, Miami, Florida, on December 22, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record