UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-20264-CIV-GOODMAN
**[CONSENT CASE]**

ERIC EWING,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO TAX COSTS

After prevailing during a retrial, Plaintiff Eric Ewing filed a motion to tax costs under 28 U.S.C. § 1920, seeking $47,748.76 in costs. [ECF No. 402]. Defendant Carnival Corporation filed a response, which does not contest Plaintiff's entitlement to costs, but argues that certain costs Plaintiff seeks are not recoverable. [ECF No. 406]. Plaintiff filed an optional reply, which concedes that certain costs were not recoverable and amends his requested award to $44,725.83. [ECF No. 408].

For the reasons discussed below, the Undersigned **grants in part and denies in part** Plaintiff's Motion to Tax Costs.

I.  **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those

costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

**II.   Analysis**

Plaintiff seeks to tax costs under § 1920 for four different categories of expenses: (1) Fees of the Clerk; (2) Fees for Service; (3) Fees for Printed or Electronically Recorded Transcripts; and (4) Fees for Printing. [ECF No. 402]. In all categories except for fees of the clerk, Defendant challenges a portion of Plaintiff's request. [ECF No. 406].

   *i. Fees of the Clerk*

Plaintiff seeks to tax $400.00[1] for the filing fee paid to the Clerk of the United States District Court for the Southern District of Florida. [ECF No. 402]. Defendant does not object to this cost.

Court filing fees are recoverable costs under 28 U.S.C. § 1920(1). *See Diaz v. AIG Mktg., Inc.*, No. 06-60011-CIV, 2010 WL 2541872, at *2 (S.D. Fla. June 1, 2010) (taxing $350.00 against the non-prevailing party for court filing fees).

Therefore, the Undersigned awards Plaintiff $400.00 in costs for his filing fee.

---

[1]   In his initial motion, Plaintiff seeks $800.00 in filing fees, which includes the $400.00 incurred in filing Case No. 18-cv-21642. [ECF No. 402]. Defendant notes in its response that when Case No. 18-cv-21624 was dismissed without prejudice, there was a condition that "all attorneys' fees, costs of court and expenses [ ] be borne by each party incurring same." In his reply, Plaintiff acknowledges that the $400.00 fee was precluded by the dismissal and withdrew his request.

### ii. Fees for Service

Plaintiff seeks to tax $470.00 in costs associated with serving subpoenas for either depositions or trial. Plaintiff's argument in support of his request is cursory. He merely says that "[p]rivate process server fees are recoverable at the same rate as for the U.S. Marshals." [ECF No. 402 (citing *W&O, Inc.*, 213 F.3d at 624)].

Defendant expresses confusion as to how Plaintiff reached his $470.00 number, describing what it views as "calculation issues." [ECF No. 406]. Defendant also objects to the subpoena fees for "(1) Dr. Kenneth Fischer, M.D., (2) Dr. Emond Provder, M.D., (3) Dr. Joseph Obermeyer, M.D., and (4) Commander Bryan Emond, whom are all Defendant's witnesses." *Id.* Defendant argues that Plaintiff had no reason to subpoena these witnesses.

In Plaintiff's reply, he explains that he issued subpoenas *duces tecum* to Defendant's four witnesses to ensure that each of them "would appear at trial with their full files." [ECF No. 408]. This explanation is reasonable and supports the taxation of the costs associated with those four subpoenas.

Nonetheless, some reductions are still necessary.

Courts in this District have confirmed that service of process fees paid to private process servers are taxable under 28 U.S.C. § 1920(1), provided that the process server's rates do not exceed the fees of the U.S. Marshals to effectuate service. *Transatlantic Lines, LLC v. Portus, Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 1154796, at *3 (S.D. Fla. Jan.

4

13, 2016) (citing *W&O, Inc.*, 213 F.3d at 624). The United States Marshals rate to effectuate service is $65.00 per hour for process served, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Here, Plaintiff has offered no evidence supporting either rushed or expedited service. Therefore, the Undersigned will remove any fees for rushed service, reduce the fee to the Marshals' rate, and award Plaintiff the following service costs: Joseph Obermeyer ($60.00); Edmond Provder ($35.00); Kenneth Fischer ($35.00); Bryan Emond ($35.00); Kimberly Jones ($65.00); Derrick Cross ($65.00); and Corporate Summons 2/6/2019 ($40.00)[2].

Accordingly, the Undersigned reduces Plaintiff's request by $135.00 and awards him $335.00 in service costs.

### iii. Fees for Printed or Electronically Recorded Transcripts

Plaintiff seeks to tax $21,205.11 for the costs "associated with the reporting and transcription of all depositions taken in this action, whether or not formally used or introduced as evidence during trial." [ECF No. 402]. Plaintiff says that all depositions were necessary to prepare for trial and notes that many of the transcripts were cited in the parties' summary judgment memoranda or were "read and/or used at trial." *Id.*

Defendant does not contest the necessity of any particular deposition. However, it contends that Plaintiff's request should be reduced by $3,130.20 because Plaintiff's

---

[2] The Undersigned is not taxing against Defendant Plaintiff's costs for serving the summons related to Case No. 18-cv-21642. As mentioned in the previous footnote, Plaintiff agreed to absorb this cost when he dismissed that action without prejudice.

request includes costs which are unrecoverable: (A) $2,192.40 for "(1) shipping and handling fees, (2) exhibit fees, (3) condensed transcript[ ] fees, (4) processing fees, (5) equipment rental fees, (6) room rental[ ] fees, and (7) other miscellaneous fees," [ECF No. 406 (citing [ECF No. 402-3])]; (B) $619.00 for expenses connected to rushed/expedited transcripts; and (C) $318.80 in fees associated with the deposition of Derrick Cross that never occurred. [ECF No. 406].

"[T]ranscript shipping and handling costs are not recoverable." *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citing *Castillo v. Teledyne Cont'l Motors, Inc.*, No. 08–21850–CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011)). Likewise, "[c]osts for transcript exhibits and condensed (or 'mini') versions of a transcript are only recoverable where the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Id.* (citing *Woods v. DeAngelo Marine Exhaust, Inc.*, No. 08–81579, 2010 WL 4116571, at *8 (S.D. Fla. Sept. 27, 2010)).

In his reply, Plaintiff states the following:

> Upon further review, Plaintiff agrees the costs associated with shipping and handling, exhibit fees, condensed transcript fees, equipment rental fees, and room rental fees are unrecoverable expenses. Making those reductions, Plaintiff is entitled to $18,582.18 in recoverable expenses with regard to printed or electronically recorded transcripts.

[ECF No. 408]. Based on Plaintiff's new calculation, it appears that he has conceded that $2,622.93 of the amount he initially requested is not recoverable.

However, this amount does not specifically match any of Defendant's challenged expenses, nor does Plaintiff make any effort to identify which of the expenses Defendant challenges should still be taxed. Further, he offers no argument to contest any of Defendant's allegations.

A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness. *Conden v. Royal Caribbean Cruises Ltd.*, No. 20-22956-CIV, 2021 WL 4973533, at *7 (S.D. Fla. June 21, 2021) (finding that the defendant conceded counterarguments raised in the plaintiff's response by not addressing the counterarguments in its reply); *Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 857 (N.D. Cal. 2020) (the party's failure to address counterarguments in reply constituted abandonment of position taken in initial brief); *W. Flagler Assocs., Ltd. v. City of Miami*, 407 F. Supp. 3d 1291, 1297 (S.D. Fla. 2019) ("The [d]efendant abandoned its argument regarding the [p]laintiff's standing because its [r]eply failed to address any of the [ ] arguments or authority." (alteration added; collecting cases)); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 205, 220 (D.D.C. 2015) (deeming arguments abandoned where the party failed to address in its reply brief the counterarguments raised by the opposing party on the issue). Here, Plaintiff offered no

responses to Defendant's counterarguments, nor any insight to his specific position as to any particular challenge.

Because Plaintiff failed to offer any justification for the costs Defendant challenges, the Undersigned reduces Plaintiff's request by $3,130.20 and awards Plaintiff $18,074.91 in deposition costs.

> iv.  *Copying Costs*

Plaintiff seeks to tax $25,273.65 in costs "necessary for printing, exemplification and making copies of documents that are attributable to copies of medical records, pleadings, discovery materials, motions, exhibits and other submissions." [ECF No. 402]. To establish the necessity of these costs, Plaintiff included a declaration from his counsel, which states:

> Plaintiff necessarily incurred costs in the amount [of] $25,273.65 for printing, exemplification and making copies of documents that are attributable to copies of medical records, pleadings, discovery materials, motions, exhibits and other submissions. Plaintiff's counsel utilizes a system where no copies or printing can be accomplished without entering a specific number assigned to a file. Plaintiff's medical records alone exceeded 8,400 pages in total and multiple copies of these were required in preparation for and/or use at trial.

[ECF No. 402-2]. Consistent with the declaration, Plaintiff says in his motion that "[his] medical records alone exceeded 8,400 pages in total and multiple copies of these were required in preparation for and/or use at hearings, to properly prepare Plaintiff's experts for deposition testimony and trial, and in preparation for and/or use at both trials."

Defendant argues in response that many of Plaintiff's printing costs are "unsubstantiated" and asks the Court to reduce Plaintiff's request by $16,098.95. Defendant highlights in an accompanying exhibit each specific printing cost that it contends contains insufficient information [ECF No. 406]. The entries which Defendant challenges all follow the beneath format:

| 3/1/2019 | Per Page Cost | Number of Pages | Cost |
|---|---|---|---|
| Black and White Copies for the Month of January and February | .25 | 1050 | $262.50 |

In Defendant's view, this type of entry is problematic because it makes it impossible to determine "what . . . [the] copies were used for, how they were used, or if they were necessary for use in this [m]atter."

Plaintiff's reply offers no new information. Instead, Plaintiff accuses Defendant of failing to cite to Plaintiff's counsel's declaration which describes the voluminous medical records and states the necessity of creating multiple copies. [ECF No. 408]. However, Plaintiff's repetitious use of the same exact phrase fails in any way to expand and provide the information necessary for the Court to evaluate his request.

"The burden of establishing entitlement to photocopying expenses lies with the prevailing party." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340

9

(M.D. Fla. 2002). "Where, as here, a party provides insufficient information regarding copy costs, courts frequently decline to award any costs." *Smith v. HM Wallace, Inc.*, No. 08-22372-CIV-GOL, 2009 WL 3179539, at *3 (S.D. Fla. Oct. 1, 2009); *see also Daughtry v. Army Fleet Support, LLC*, No. 1:11CV153-MHT, 2014 WL 466109, at *2 (M.D. Ala. Feb. 5, 2014) ("When a party claiming costs "'fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow costs." (quoting *Coleman v. Roadway Express*, 158 F.Supp.2d 1304, 1310 (M.D. Ala. 2001)).

The challenged invoices provide only the general date the copy was made, the cost of the copy, and the number of pages. This lackluster level of detail makes it impossible for the Undersigned to determine if the specific copy was reasonable. The Court can't be certain if Plaintiff made nearly eight copies of Plaintiff's full medical records, fifteen copies of some medical records, or thirty copies of one set of medical records. The only information meaningfully provided is that the copies were connected to this case. However, the mere fact that the copy was made in connection with the case does not mean that the cost was reasonable or necessarily incurred.

Because Plaintiff has failed to provide enough information to determine whether this cost is either necessary or reasonable, the Undersigned reduces Plaintiff's request by $16,098.95 and awards him $9,174.70 in copying costs.

**III. Conclusion**

For the reasons discussed above the Undersigned **grants in part and denies in part** Plaintiff's motion for taxable costs and awards him $27,984.61 in taxable costs ($19,764.15 less than the requested amount).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 15, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record